IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSE RUIZ SOLORIO, | ) | |
| Movant, | ) ) | |
| v. | ) ) | No. 3:12-cv-226 |
| UNITED STATES OF AMERICA, | ) ) | Judge Trauger |
| Respondent. | ) ) | |

**ORDER**

Pending before the Court is a motion filed *pro se* under 28 U.S.C. § 2255[1] by Jose Ruiz Solorio, a prisoner presently housed at the Giles W. Dalby Correctional Facility in Post, Texas. In this motion, Solorio seeks dismissal of the indictment against him on the basis that, in violation of the requirements set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the indictment did not specify the type or amount of the drugs at issue in the charges against him.[2] He further asserts that because the indictment was defective, this court lacked jurisdiction to sentence him.

On February 29, 2012, the Court entered an order directing Solorio to show cause why the court should not dismiss the motion as time-barred. The movant has responded to that directive by submitting a brief in which he simply asserts that Rule 12 of the Federal Rules of Criminal Procedure provides that a claim that an indictment is defective because it fails to state an offense may be raised "at any time while the case is pending," including "for the first time on direct appeal." (ECF No. 4, at 2 (citing Fed. R. Crim. P. 12(b)(3)).) Solorio argues that his conviction and sentence are still pending and that the court should therefore conclude

---

[1] On January 31, 2012, this court entered an order informing the movant of the court's intent to characterize and construe the motion as one filed under 28 U.S.C. § 2255, and giving the movant the opportunity to withdraw the motion if he objected to that characterization, or to supplement it. The court expressly informed the movant that if he took no action within the time specified for responding, the court would rule on the present motion as a motion under 28 U.S.C. § 2255. The movant did not submit a timely objection, so the court construes his motion as one filed under § 2255.

[2] Solorio was convicted and sentenced on counts 10 and 11 of the second superseding indictment, which alleged that he had knowingly and intentionally possessed with intent to distribute 500 grams or more of cocaine (count 10) and that he had knowingly and intentionally possessed with intent to distribute 100 kilograms or more of marijuana (count 11) (Doc. No. 388).

that his motion to dismiss the indictment is timely under Rule 12(b)(3).

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes that state and federal prisoners have a one-year limitations period in which to file a habeas corpus petition. That period begins to run from one of four specified dates, the first of which is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). When a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period after issuance of the appellate ruling in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. *Id.* at 426 (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

There are three other possible times from which the one-year statute of limitations might begin to run, as set forth in the statute, besides the date on which the judgment becomes final: (1) from "the date on which the impediment to making a motion created by governmental action . . . is removed, if the movant was prevented from making a motion by such governmental action"; (2) from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

The Sixth Circuit entered its decision affirming Solorio's judgment and sentence on July 22, 2003. The judgment of conviction became final ninety days thereafter, on October 20, 2003, well over eight years prior to the filing of Solorio's present motion. Although Solorio maintains that his conviction and sentence are still pending—that is, he is still serving the sentence handed down in 2001—he does not (and cannot) claim that his *case* is still pending. Nor does he assert that he was prevented by governmental action from filing his claim previously, that a newly recognized right that has been made retroactively applicable applies to him, or that the facts supporting his claims could not previously have been discovered. The court therefore concludes that Solorio's motion under § 2255 is time barred.

The § 2255 motion is therefore **DENIED** as barred by the statute of limitations set forth in 28 U.S.C. § 2255(f), and this matter is **DISMISSED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge